**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIMI L. CAMPBELL, | No. 11-55714 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-00594-DMG-VBK |
| v. | |
| CHUCK HAGEL*, Secretary Department of Defense (Defense Contract Audit Agency), | MEMORANDUM** |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 24, 2013***

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Mimi L. Campbell appeals pro se from the district court's summary

judgment in her employment discrimination action alleging violations of Title VII

---

\* Chuck Hagel is substituted for his predecessor, Robert M. Gates, as Secretary of the Department of Defense, pursuant to Fed. R. App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and breach of a settlement agreement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Campbell's discrimination and retaliation claims arising from events occurring before October 8, 2003, because those claims are waived by the settlement agreement. *See Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461-63 (9th Cir. 1989) (a settlement agreement may waive Title VII claims if the waiver is voluntary, deliberate, and informed).

The district court properly granted summary judgment on Campbell's discrimination claims arising from events occurring after October 8, 2003, because Campbell failed to raise a genuine dispute of material fact as to whether similarly situated individuals outside her protected class were treated more favorably, or whether defendant acted with discriminatory intent. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 & n.5 (9th Cir. 2004) (describing the elements of a prima facie discrimination claim under Title VII).

The district court properly granted summary judgment on Campbell's retaliation claims arising from events occurring after October 8, 2003, because Campbell failed to raise a genuine dispute of material fact as to whether her filing

of a complaint caused any adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (to establish a prima facie retaliation claim under Title VII, an employee "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer").

The district court lacked jurisdiction over Campbell's claim that a federal agency breached the settlement agreement. See *Munoz*, 630 F.3d at 861-64 (Congress's waiver of sovereign immunity under Title VII does not extend to suits to enforce settlement agreements or confer the power to adjudicate such claims on the district court). We therefore vacate the district court's entry of summary judgment on this claim and remand with instructions to dismiss without prejudice.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**